UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

ANISSA WEBSTER                                          CASE NO. 16-11147
    DEBTOR                                             CHAPTER 13

REASONS FOR DECISION

Debtor Anissa Webster moved to convert to chapter 7 [P-123] in response to the chapter 13 trustee's motion to dismiss her case for failure to make plan payments and turn over tax refund [P-118]. No evidence or oral argument is necessary to rule on the motions.

The trustee objected to the debtor's motion to convert [P-125], alleging that the debtor is in arrears on plan payments totaling $3,185.38. The trustee also argues that the debtor failed to provide her 2018 tax return and surrender her refund to the trustee. The debtor's pithy response to the trustee's objection [P-133] does not dispute any of the trustee's factual assertions; it rests solely on the statute. Both memoranda are bereft of reference to any guiding jurisprudence.

Although this case involves conversion from chapter 13 to chapter 7, analysis begins with reference to *Marrama v. Citizens Bank of Mass.*,[1] which involved conversion from chapter 7 to 13.

The chapter 7 debtor in *Marrama* filed dishonest schedules showing as worthless his interest in a trust that owned a house and falsely claiming that he was not entitled to an income tax refund. When the chapter 7 trustee moved to recover the house as an asset of the estate, the debtor moved to convert to chapter 13 pursuant to 11 U.S.C. §706(a).

---

[1] 549 U.S. 365, 372, 127 S.Ct. 1105 (2007).

The Fifth Circuit revisited *Marrama* in *In re Jacobsen,*[2] where a trustee moved to convert a case from chapter 13 to chapter 7 when the debtor moved to dismiss his chapter 13 petition, as section 1307(b) permits.

> The [*Marrama*] Court identified two specific limitations to the "absolute right" of conversion: (1) the proviso in § 706(a) that the right does not survive a previous conversion to Chapter 7 and (2) the requirement in § 706(d) that the debtor be eligible to proceed under the chapter to which conversion was sought.

*Id.* at 372.

The Fifth Circuit held that "there is no analytical distinction" between the language in section 706(a) and 1307(b).[3] Therefore, it reasoned from *Marrama* that a debtor's right to convert under section 1307(b) is "subject to a limited exception for bad-faith conduct or abuse of the bankruptcy process."[4]

The Fifth Circuit denied the motion to convert, holding that the debtor was not eligible to be a chapter 13 debtor because his conduct rose to the level of "cause" for dismissal under section 1307(c).

For a finding of bad faith, the debtor's conduct must be "atypical" and "extraordinary."[5] In both *Marrama* and *Jacobsen*, the courts concluded that debtors were in bad faith when they sought to conceal assets from creditors. The Fifth Circuit also has found bad faith sufficient to bar a debtor's seemingly unrestricted right to dismiss where the debtor's schedules

---

[2] 609 F.3d 647, 660 (5th Cir. 2010).

[3] *Id.* at 660 (citation omitted).

[4] *Id.* at 649.

[5] *Id.* at 662.

misrepresented numerous facts, including the amount of his income, his marital status and business interests.[6]

The chapter 13 trustee's motion does not allege facts that if proven would support a finding that the debtor has concealed assets, made misrepresentations in his schedules or engaged in any other conduct that constitutes bad faith.  She alleges facts that are neither unusual nor extraordinary: many debtors fall behind in payments[7] and fail to turn over tax refunds.  Absent proof of more, those actions or inactions alone are insufficient evidence of bad faith to prevent a debtor's statutory right under section 1307(a) to convert to a chapter 7 liquidation.

By separate order the court will grant the debtor's motion to convert to chapter 7 and deny the chapter 13 trustee's motion to dismiss case.

Baton Rouge, Louisiana, April 14, 2020.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[6] *In re Elliot*, 506 Fed.Appx. 291, 2013 WL 69285 (5th Cir. 2013).

[7] "Many debtors [ ] fail to complete a Chapter 13 plan successfully." *Harris v. Viegelahn,* 575 U.S. 510, 135 S.Ct. 1829, 1835 (2015) (citation omitted).